Dariush Adli, SBN # 204959
    adli@adlilaw.com
Drew H. Sherman, SBN # 237045
    drew.sherman@adlilaw.com
Peter Huang, SBN # 288882
    peter.huang@adlilaw.com
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiff Janibell, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANIBELL, INC., a California corporation;<br><br>            Plaintiff,<br>    v.<br><br>JOBAR INTERNATIONAL, INC., a California corporation;<br><br>            Defendant. | Case No: 2:16-CV-8163<br><br>**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Janibell, Inc. ("JANIBELL" or "PLAINTIFF"), hereby complains of Jobar International, Inc. ("JOBAR" or "DEFENDANT") and alleges as follows:

## THE PARTIES

1. PLAINTIFF JANIBELL is a California corporation with its principal place of business at 12000 Jersey Court, Unit 103, Rancho Cucamonga CA 91730.

2. PLAINTIFF is informed and believes, thereon alleges, that DEFENDANT JOBAR is a California corporation with its principal place of business at 21022 Figueroa Street; Carson, CA 90745.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the claims that relate to patent infringement under 35 U.S.C. § 271, pursuant to 28 U.S.C. § 1331 and 1338(a), as these claims arise under the laws of the United States.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL ALLEGATIONS

5. JANIBELL designs, develops and sells innovative refuse receptacle and trash can products. PLAINTIFF is recognized as market a leader in refuse receptacle and trash can products in the U.S. and around the world.

6. In order to protect PLAINTIFF's investment in the development of its proprietary technology, PLAINTIFF has successfully applied for and obtained several United States patents.

7. JANIBELL is the owner of registered U.S. Design Patent Nos. D567,466, D567,467, and U.S. Utility Patent No. 7,992,742 (together, the "PATENTS-IN-SUIT"). A copy of which is attached herewith as **Exhibit A, B** and **C** consecutively.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT has sold and continues to sell, products, including Incontinence Disposal Pail; North American Health & Wellness Incontinence Disposal System;

and Adult Hygienic Incontinence Disposal Diaper System; which infringe one or more claims of each of the PATENTS-IN-SUIT ("the Accused Products").

9. PLAINTIFF has provided JOBAR with notice of the PATENTS-IN-SUIT by sending a cease and desist letter, dated October 11, 2016, which included specific infringement allegations regarding the infringement of the PATENTS-IN-SUIT by the Accused Products ("LETTER") to DEFENDANT. A copy of the LETTER and samples of the Accused Products is attached herewith as **Exhibit D**.

10. In its response to the LETTER, DEFENDANT did not deny infringement of the PATENTS-IN-SUIT and specifically stated its intention to continue to sell the ACCUSED PRODUCTS.

11. PLAINTIFF is informed and believes, thereon alleges, that DEFENDANT has been actively inducing direct infringement by distributors and retailers who make, sell, or use products that embody or otherwise practice one or more of the claims of each of the PATENTS-IN-SUIT.

12. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT has been selling and/or offering for sale or importing into the United States parts and/or components of products embodying the PATENTS-IN-SUIT, constituting a material part of the claimed inventions, with knowledge that such parts and/or components are especially made or especially adapted for use instead of the PATENTS-IN-SUIT, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

13. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT has continued to encourage distributors and retailers who make, sell, or use products that embody or otherwise practice one or more of the claims of each of the PATENTS-IN-SUIT to continue to do so without authorization.

14. DEFENDANT's actions, including their sales, advertising, and instructions, has induced distributors and retailers who make, sell, or use products that embody or otherwise practice one or more of the claims of each of the

PATENTS-IN-SUIT to do so without authorization.

15. DEFENDANT knew or should have known that their actions would induce distributors and retailers who make, sell, or use products that embody or otherwise practice one or more of the claims of each of the PATENTS-IN-SUIT to do so without authorization.

16. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT has promoted the sale of the accused products in this district either directly or through their distributors and retailers.

17. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT will continue to infringe the PATENTS-IN-SUIT unless enjoined by this Court.

18. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT'S infringement of the PATENTS-IN-SUIT is, has been, and continues to be willful and deliberate.

19. As a direct and proximate result of DEFENDANT'S actions, PLAINTIFF has been and continue to be damaged in an amount yet to be determined.

20. By reason of the above acts, DEFENDANT, unless enjoined and restrained by this court, will continue to cause PLAINTIFF great and irreparable injury to, among other things, the good will and business reputation of PLAINTIFF, all of which cannot be adequately compensated or measured in money.

21. PLAINTIFF has no adequate remedy at law. PLAINTIFF is entitled to injunctive relief, enjoining and restraining DEFENDANT and its respective officers, agents, servants, and employees, and all persons acting in concert with it, from further infringement of the PATENTS-IN-SUIT

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PLAINTIFF demands a trial by jury on all issues triable as such.

# **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF pray for relief as follows:

A. for a judicial determination and declaration that DEFENDANT has directly infringed each of the PATENTS-IN-SUIT;

B. for a judicial determination and declaration that DEFENDANT has indirectly infringed each of the PATENTS-IN-SUIT;

C. for a judicial determination and decree that DEFENDANT's infringement of the PATENTS-IN-SUIT is willful;

D. for damages resulting from DEFENDANT'S past and present infringement of the PATENTS-IN-SUIT, and the trebling of such damages because of the willful and deliberate nature of DEFENDANT'S infringement;

E. for permanent injunctive relief enjoining against further infringement of the PATENTS-IN-SUIT by DEFENDANT, its officers, directors, shareholders, agents, servants, employees, and all other entities and individuals acting in concert with it or on their behalf;

F. for an assessment of prejudgment interest on damages;

G. for a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action; and

H. for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: November 2, 2016                      ADLI LAW GROUP P.C.

                                             By:/s/Dariush Adli
                                             Dr. Dariuash Adli, Esq.
                                             Attorneys for PLAINTIFF

## DEMAND FOR JURY TRIAL

Plaintiff JANIBELL, INC. hereby demands a trial by jury on all triable claims.

ADLI LAW GROUP, P.C.

Dated: November 2, 2016         /s/Dariush G. Adli
                                Dariush G. Adli